R. DUANE FRIZELL, ESQ.
Nevada Bar No. 9807
CALLISTER & FRIZELL
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
Office (702) 657-6000
Fax (702) 657-0065
dfrizell@callisterfrizell.com
*Attorneys for Plaintiff Stacie Melewski*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| STACIE MELEWSKI, <br><br> Plaintiff, <br><br> vs. <br><br> LEE JOSEPH WOOD ; CAROL ANN WOOD; DOE DEFENDANTS 1 through 10; and ROE ENTITIES 1 through 10, <br><br> Defendants. | CASE NO.: 2:09-cv-01138-ECR-LRL <br><br> ORDER ENTERING DEFAULT JUDGMENT AGAINST CAROL ANN WOOD |

### DEFAULT JUDGMENT AGAINST CAROL ANN WOOD

On March 30, 2011, the Court held a hearing on Plaintiff's Application for Entry of Default Judgment (filed Aug. 31, 2010) [Doc. 22]. R. Duane Frizell, Esq., attorney for Plaintiff, was present at the hearing. Despite notice having been forwarded to Defendant Carol Ann Wood, no other party or counsel was present at the hearing. Having considered Plaintiff's Application, the other pleadings and papers on file with the Court Clerk in this matter, as well as the arguments of counsel at the hearing, and having received no response or opposition to Plaintiff's Application for Entry of Default Judgment, the Court concludes that there is just, good, and sufficient cause for rendering Default Judgment against Defendant Carol Ann Wood.[1]

//

//

---

[1] On November 8, 2010, Plaintiff filed a Suggestion of Bankruptcy of Lee Joseph Wood on the Record [Doc. 23]. Accordingly, the Court concludes that this case is stayed as against Defendant Lee Joseph Wood, and that this Default Judgment shall be entered against only Defendant Carol Ann Wood.

1

I. **FINDINGS AND CONCLUSIONS**

In rendering this Default Judgment, the Court makes the following findings and conclusions:

1. The Court Clerk has properly entered a default against Defendant Carol Ann Wood in this matter. (Default (filed Mar. 30, 2010 [Doc. 20])).

2. Defendant Carol Ann Wood was provided with proper notice of the default. (Certificate of Service (filed July 12, 2010 [Doc. 21])).

3. Defendant Carol Ann Wood has taken no action whatsoever to set aside, vacate, attack, or otherwise oppose the default.

4. Plaintiff properly filed her application for default judgment against Defendant Carol Ann Wood. (Plaintiff's Application for Entry of Default Judgment (filed Aug. 31, 2010) [Doc. 22])).

5. Defendant Carol Ann Wood was provided with proper notice of the application for default judgment against her. (*Id.*)

6. The time for Carol Ann Wood to oppose or otherwise respond to the application for default judgment has long since expired.

7. Defendant Carol Ann Wood was provided with proper notice of the hearing on the application for default judgment against her.

8. Neither Carol Ann Wood nor any counsel representing her appeared at the hearing on the application for default judgment against her.

9. Defendant Carol Ann Wood has taken no action whatsoever to oppose or otherwise respond to the application for default judgment against her.

10. The time is ripe, and it would be proper for the Court to enter default judgment against Defendant Carol Ann Wood.

11. The bankruptcy as to Defendant Lee Joseph Wood is still pending, and the application for default judgment, in respect to Defendant Lee Joseph Wood, cannot proceed at this time.

12. Plaintiff is not entitled to an award of attorney fees.

13. Plaintiff's award of courts costs, if any, will have to be made the subject of a bill of costs to be taxed by the Clerk of the Court.

14. Plaintiff's application for default judgment properly and adequately itemizes and documents her actual damages.

15. In relation to the claims that she has stated against Defendant Carol Ann Wood in this matter, Plaintiff has suffered actual damages in the sum of $340,717.08, the itemization of which is set forth in the table below:

| Item | Amount |
|---|---|
| Medical Bills for Termination of Pregnancy | $440.00 |
| Lee's Chevy/GMAC | $17,030.56 |
| Lee's Best Buy Debt | $1,416.00 |
| Lee's Super Pawn Debt | $750.00 |
| Lee's Jared Jewelers' Purchase | $1,974.50 |
| Stacie's Dog ("Bellah") | $291.00 |
| Shipment of Stacie's Father's Pickup | $800.00 |
| Carol's and Lee's Misappropriating Money for Rent | $4,642.34 |
| Lee's Court Fines | $200.00 |
| Lee's Loan from Pioneer Loan Center | $6,580.50 |
| Carol's Car Insurance | $325.00 |
| Medical Bills Resulting from Carol's and Lee's Abuse | $55,109.67 |
| Emotional and Mental Pain, Suffering, and Anguish | $251,157.51 |
| **TOTAL:** | **$340,717.08** |

3

16. The Court finds that the amounts above accurately and reasonably reflect the actual damages suffered by Plaintiff, with respect to each and every item of damages as well as to the total figure for all damages suffered by Plaintiff.

17. Plaintiff is entitled to recover from Defendant Carol Ann Wood all of the actual damages identified above.

18. Plaintiff is also entitled to pre-judgment and post-judgment interest against Defendant Carol Ann Wood.

19. Pursuant to FRCP 54(b), the Court finds and determines that there is no just reason for delay with respect to entering a final judgment against Defendant Carol Ann Wood.

## II. JUDGMENT

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

A. Plaintiff's Application for Entry of Default Judgment (filed Aug. 31, 2010) [Doc. 22] is hereby GRANTED as against Defendant Carol Ann Wood only.

B. Default Judgment is hereby rendered in favor of Plaintiff Stacie Melewski and against Defendant Carol Ann Wood with respect to all of the claims pleaded by Plaintiff against Defendant, including fraud, as follows:

   i. Plaintiff Stacie Melewski shall have and recover from Defendant Carol Ann Wood actual damages in the sum of $340,717.08; and

   ii. Plaintiff Stacie Melewski shall have and recover from Defendant Carol Ann Wood pre-judgment and post-judgment interest, as allowed by law.

C. Except as expressly granted, provided for, and stated in this Default Judgment Against Defendant Carol Ann Wood, any and all relief requested by Plaintiff Stacie

Melewski against Defendant Carol Ann Wood and any and all relief requested by Defendant Carol Ann Wood against Plaintiff Stacie Melewski is hereby DENIED.

D.  Pursuant to FRCP 54(b), having determined that there is no just reason for delay, the Court hereby directs that this Default Judgment Against Defendant Carol Ann Wood shall be entered as a final judgment as to Defendant Carol Ann Wood and as to any and all claims between Plaintiff Stacie Melewski and Defendant Carol Ann Wood. In this regard, the Court hereby certifies this Default Judgment Against Defendant Carol Ann Wood as a final judgment.

IT IS SO ORDERED.

Dated: March 31, 2011.

_____
UNITED STATES DISTRICT JUDGE

CASE NO.: 2:09-cv-01138-ECR-LRL

Submitted by:

**CALLISTER & FRIZELL**

By: _____
R. DUANE FRIZELL, ESQ.
Nevada Bar No. 009807
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
dfrizell@callisterfrizell.com
*Attorneys for Plaintiff Stacie Melewski*

5